SUMMARY ORDER

Petitioner Zhi Hao Liu, a native and citizen of the People’s Republic of China, seeks review of a May 19, 2005 order of the BIA affirming the January 6, 2004 decision of Immigration Judge (“IJ”) Adam Opaciuch denying Liu’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Zhi Hao Liu, No. A77 341 521 (B.I.A. May 19, 2005), aff'g No. A77 341 521 (Immig. Ct. N.Y. City Jan. 6, 2004). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
As a preliminary matter, we deem Liu’s CAT claim waived, as he has failed to challenge the denial of that relief in his brief to this Court. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
When the BIA affirms the IJ’s decision in some respects but not others, we review the IJ’s decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
We conclude that substantial evidence supports the IJ’s determination that Liu was not credible. As the IJ found, Liu’s testimony that he was not legally married to his wife and that the Chinese government did not recognize his marriage was inconsistent with the marriage certificate he submitted indicating that he and his wife met the Chinese Marriage Law requirements and that their application for marriage was approved. The IJ also properly found it implausible that the Chinese government would issue a marriage certificate and household registration at a time when Liu claimed that he and his wife were in hiding. While Liu argues that the marriage certificate was issued during a population census and that the marriage registration was a renewal, the IJ was not required to credit these explanations. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
*79 Additionally, the IJ found that Liu failed to submit evidence to corroborate his claims that he and his wife had been fined by the authorities and that the Chinese government sterilizes women who give birth without permits. Liu does not challenge those findings, waiving any such arguments. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7; see also Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006) (finding that an asylum applicant’s failure to corroborate his testimony may bear on his credibility, where it makes him unable to rehabilitate testimony that has already been called into question).
In view of the record as a whole, we cannot find that the IJ erred in denying Liu’s asylum application based on his adverse credibility determination. See Xiao Ji Chen, 471 F.3d at 335. Moreover, the adverse credibility determination in this case necessarily precludes success on Liu’s claim for withholding of removal because both claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review the stay of removal that the Court previously granted in this petition is VACATED.